Submitted June 5; judgment in Case No. 18CR44605 reversed and remanded, judgment in Case No. 17CR36938 affirmed August 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MIGUEL ANGEL HERNANDEZ-TORRES,
aka Miguel A. Torres,
*Defendant-Appellant.*

Washington County Circuit Court
18CR44605, 17CR36938;
A170726 (Control), A170753

472 P3d 824

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Judgment in Case No. 18CR44605 reversed and remanded; judgment in Case No. 17CR36938 affirmed.

## PER CURIAM

This is a consolidated appeal. In Case No. 18CR44605, defendant was convicted for unlawful possession of methamphetamine, ORS 475.894(2)(a). In Case No. 17CR36938, defendant's probation was revoked, but defendant does not assign error in that case, so we affirm the judgment in that case without further discussion.[1]

In Case No. 18CR44605, defendant assigns error to the trial court's denial of his motion to suppress evidence of methamphetamine found in his car after he consented to a search during a traffic stop. In that case, the court determined that the officer's request for consent to search, although unrelated to the reason for the stop, occurred during an "unavoidable lull" in the stop. Thus, the court denied defendant's motion to suppress. *See State v. McBride*, 299 Or App 11, 18, 447 P3d 1205 (2019), *vac'd and rem'd*, 366 Or 97, 455 P3d 925 (2020) (concluding that the trial court did not err in denying the defendant's motion to suppress, because the officer's question to the defendant regarding whether she had any drugs in her car took place during an "unavoidable lull" in the traffic stop).

After the trial court denied defendant's suppression motion and convicted him, the Supreme Court issued *State v. Arreola-Botello*, 365 Or 695, 712, 451 P3d 939 (2019), and concluded that, "for the purposes of Article I, section 9, [of the Oregon Constitution,] all investigative activities, including investigative inquiries, conducted during a traffic stop are part of an ongoing seizure and are subject to both subject-matter and durational limitations." The court further concluded that an "'unavoidable lull' does not create an opportunity for an officer to ask unrelated questions, unless the officer can justify the inquiry on other grounds." *Id.* Here, the state concedes that, even if the officer's unrelated

---

[1] Defendant was served with two separately issued orders to appear for a probation violation hearing based upon different violations: (1) alleged possession of methamphetamine and (2) alleged failure to make payments. The probation revocation judgment does not indicate that defendant was convicted based upon his conviction for possession of methamphetamine. Rather, the judgment indicates that defendant admitted that he failed to make payments. Therefore, the reversal of defendant's conviction in Case No. 18CR44605 does not necessarily require reversal of defendant's conviction in Case No. 17CR36938.

request for consent to search did not extend the duration of the stop, it violated *Arreola-Botello*'s subject-matter limitation on inquiries during a traffic stop. We agree and accept the state's concession that, under *Arreola-Botello*, the trial court erred in denying defendant's motion to suppress. Accordingly, the judgment of conviction for unlawful possession of methamphetamine is reversed and remanded.

Judgment in Case No. 18CR44605 reversed and remanded; judgment in Case No. 17CR36938 affirmed.